## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 4:23-cr-00018** |
| | § | |
| **ALI DANIAL HEMANI,** | § | |
| | § | |
| **Defendant** | § | |

### MOTION FOR REVOCATION OR AMENDMENT OF
### DETENTION ORDER PENDING JUDICIAL PROCEEDINGS

TO THE HONORABLE AMOS L. MAZZANT, UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, ALI DANIAL HEMANI, by and through his attorneys of record, CAMILLE M. KNIGHT and CARL DAVID MEDDERS, and makes this Motion for Revocation or Amendment of Detention Order Pending Judicial Proceedings. In support therefor, Defendant would show unto the Court the following:

### I.

### Order of Detention

United States Magistrate Judge Kimberly Priest Johnson ordered Mr. Hemani detained pending resolution of his case. She found that he was a danger to the community and a flight risk, noting various items, including the nature and circumstances of the charged offense and the weight of the evidence. (Order dated March 21, 2023, Dkt. 31, pp. 15-16). On March 27, 2023, undersigned Counsel were retained and pursuant to 18 U.S.C. §§ 3145(b) and 3143(a), they move the Court on Mr. Hemani's behalf to release him pending the instant judicial proceedings, or alternatively, to review the Order entered by Judge Johnson on March 21, 2023.

**The Government Moved for Detention**

Judge Johnson's Order was entered after a hearing on the Government's Motion for Detention, which was based on an allegation that the Defendant posed a danger to the community and a flight risk. The government filed a Brief in Support of its detention motion on February 16, 2023.

**Pretrial Services Recommended Release**

Pretrial Services issued two reports and recommended releasing Mr. Hemani on conditions. (Dkt. 13; *see also* Dkt. 24).  Mr. Hemani adopts and incorporates the two Pretrial Services reports produced in this matter, and requests that the Court take judicial notice of the information in those reports. Additionally, prior counsel filed a Motion for Release on March 2, 2023 (Dkt. 21); Defendant adopts and incorporates that motion and its appendices herein.

**II.**

**The Government had Two Chances to be Forthcoming**

During the two hearings on February 16 and March 9, 2023, the government presented evidence that was not sufficient to overcome a finding that the Defendant would appear as required or was not a danger to the community if released on conditions. The government was not forthcoming regarding the context and scope of its investigations of Mr. Hemani's family.  It presented evidence about the Hemani family, their travel, and law enforcement's previous interactions with them (including its likely investigation of the family, as noted in prior counsel's motion, Dkt. 21).  Denton County Detective Sean Hollingshead testified that Mr. Hemani lives with his parents, that the family had traveled together in 2020, that Mr. Hemani's phones had been searched several times from 2019 through 2023, and that in particular, during a trip the family made

in July 2022, the family traveled separately.  (Order dated March 21, 2023, Dkt. 31, pp. 6-10).

Detective Hollingshead testified about his belief that Mr. Hemani lives "under the influence of his

mother day in and day out in the home with her, falling under that influence, and her greatest desire

for him, along with her other son, to become a martyr . . . [was] very concerning."  (Order, Dkt. 31,

p. 7).  Detective Hollingshead's belief appears to have been based on statements made by Mrs.

Hemani that are undisputedly protected by the First Amendment to the United States Constitution.

Detective Hollingshead also provided testimony about Mr. Hemani and his family's return trips

from Tehran to DFW in July 2022.  (Order, Dkt. 31, pp. 9-10).

### The Government has Investigated the Hemani Family for Years

What the government did not provide to the Court was its long history of investigating the

Hemani family and that multiple searches at their home had previously resulted in the seizure of

dozens of computers, data storage devices, and phones, including the Defendant's.  The government

seemingly found little in the way of actionable content on those many devices, save for texts about

promethazine.  In the absence of credible and verified evidence for the magistrate judge to rely

upon, the government simply made broad accusations of separate travel and introduced the idea that

the family bore "anti-American sentiment," or were spies. (Order, Dkt. 31, pp. 19-20).

### The Government Mischaracterized Travel Made for Religious Purposes

The government is aware that the family attends the mosque at the Momin Islamic Center in

Irving, Texas. The Hemani family is devout; an integral part of their faith is traveling to holy sites

for worship and celebration. Many of these sites are in Iran and Iraq. In his testimony about the

family's trip to Tehran in July 2022, Detective Hollinsghead stated that the family traveled

separately and that they returned to different ports of entry. Instead of asking the family or Mr.

Hemani for an explanation in order to give Judge Johnson context about the family's travel, the detective accused them of using "trade craft practices."

The testimony provided to Judge Johnson, for example, noted that the Hemani family traveled to Iran in February 2020.  Detective Hollingshead testified about a memorial service for Quasem Solemani that was attended by the family and expressed concern about an interview Mr. Hemani's mother gave on Iranian television.  The detective did not, however, have or provide information about a search of the Hemani's home in August 2020, when agents seized several electronic devices.  Surely the government reviewed the contents of those devices between August 2020 and March 2023.[1]  In the absence of other information, it appears that the family's devices at that time did not contain any information that would support the notion that Mr. Hemani is a danger or flight risk.

### New Evidence Explaining the Logistics of the Hemani Family Travel

Counsel has collected, since Judge Johnson's order, information about that travel and the reasons why Mr. Hemani had to travel separately from his family – essentially, that his COVID-19 vaccination status was questioned by the country of Qatar (through which the family flew on Qatar Airlines).  Mr. Hemani had to remain in Iran after his family went on so that he could comply with Qatar's vaccination regulations.  He then purchased a return ticket from "cheapoair.com," a travel service.  This ticket involved a flight from Doha, Qatar, to New York's JFK airport on July 25, with a "connection" from New York's LaGuardia Airport to DFW a few hours later that day.  Because Mr. Hemani has experienced – several times since 2019 – being stopped at customs and having his

---

[1] Detective Hollingshead initially testified at the February 16 hearing that he did not have information going back as far as August 2020; by the March 9 hearing, he had obtained certain information – from conversations he had with other investigators – about a search of Mr. Hemani's phone that was conducted at Customs in 2019.  Detective Hollingshead did not know what exactly was on the phone but was told that it involved "anti-American sentiment."

devices searched at the airport (a process which, at times, takes several hours), he was concerned about missing the "connecting" flight from a different airport, and purchased a separate return Delta ticket from JFK in a pro-active effort to be able to get home, in the event he missed the earlier flight. This Delta ticket cost less than $200. As things turned out, Mr. Hemani was able to make his connecting flight and did not use the Delta ticket. Emails regarding these bookings will be presented to the Court. Counsel has discovered that Mr. Hemani provided the information about his vaccine status and travel issues to law enforcement when the family's home was searched in August 2022 (a report of investigation confirming this was included in the government's discovery production in this case). Counsel has also discovered that boarding passes for part of his travel from Qatar to the United States confirming this information were seized during the search. Detective Hollingshead did not mention these facts during his testimony before Judge Johnson. To the contrary, the government presented evidence leading to Judge Johnson's findings that Mr. Hemani traveled to New York on July 24, spent the night there, and then continued to DFW the next day. (Order, Dkt. 31, p. 9). This is inaccurate – Mr. Hemani arrived in New York on July 25 and returned to DFW on July 25, as is obvious from the boarding pass seized at the Hemani home and from the emails referenced above. Detective Hollingshead characterized Mr. Hemani's travel woes as constituting a counter-surveillance tactic called "scrambling." Judge Johnson noted this testimony in her Order.

### III.

### Mr. Hemani is Not a Flight Risk and has Extraordinary Ties and Support in the Community

Mr. Hemani's prior counsel presented letters and acknowledged witnesses who were available to testify about Mr. Hemani's ties to the community and his character. Judge Johnson also

heard testimony on March 9, 2023, from proposed third-party custodians, Mr. and Mrs. Sheikholeslam-Nouri, whom are both United States citizens.  Mrs. Sheikholeslam-Nouri is a citizen by birth and a native Texan who obtained a bachelor's degree in accounting from Baylor University and a master's degree in English and Linguistics from UTEP.  Mr. Sheikholeslam-Nouri is a naturalized citizen who has lived in the United States since 1978.  Mr. Sheikholeslam-Nouri holds bachelor's and master's degrees in Industrial Technology from UNT and was a professor there for two decades before he retired.  (Order, Dkt. 31, pp. 11-12).  Mrs. Sheikholeslam-Nouri testified that the couple have known Mr. Hemani since he was six years old, do not believe him to be a danger or flight risk, and are willing to act as his third-party custodians.

## IV.

### Mr. Hemani Respectfully Requests Relief and a *De Novo* Hearing.

Defendant respectfully requests that the Court conduct a *de novo* hearing on the Government's Motion for Detention.  Pursuant to 18 U.S.C. § 3142 (g), Defendant respectfully requests that the Court consider certain factors surrounding the alleged occurrences in the above styled offense.  There is no reason to believe that this Defendant would not comply with conditions of his release or even a release on personal recognizance or an unsecured appearance bond.  Even if this Court determines that a personal recognizance or unsecured appearance bond will not reasonably assure the Defendant's appearance, Mr. Hemani moves for release pursuant to 18 U.S.C. § 3142(c), subject to the standard conditions set out in the statute.

WHEREFORE, PREMISES CONSIDERED, Defendant ALI DANIAL HEMANI respectfully requests that the Honorable Court grant his Motion for Revocation or Amendment of Detention Order Pending Judicial Proceedings and grant his release in accordance with federal law.

Respectfully submitted,

/s/ *Camille M. Knight*
Camille M. Knight
Texas State Bar No. 24027124
900 Jackson Street, Suite 430
Dallas, Texas 75202
214.871.1133
camille@cknightlaw.com

/s/ *Carl David Medders*
BURLESON, PATE & GIBSON, LLP
D. C. Bar No. 494911
900 Jackson Street, Suite 330
Dallas, Texas 75202
214.871.4900
dmedders@bp-g.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the foregoing document using the Court's CM/ECF system, thereby providing service on attorneys of record.

/s/ *Camille M. Knight*
Camille M. Knight