UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff | § |
| v. | §  No. 4:23-cr-00018 |
| ALI DANIAL HEMANI, | § |
| Defendant | § |

**REPLY TO GOVERNMENT'S RESPONSE TO
MOTION FOR REVOCATION OR AMENDMENT OF
<u>DETENTION ORDER PENDING JUDICIAL PROCEEDINGS</u>**

TO THE HONORABLE AMOS L. MAZZANT, UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, ALI DANIAL HEMANI, by and through his attorneys of record, CAMILLE M. KNIGHT and CARL DAVID MEDDERS, and files this Reply to the Government's Response to his Motion for Revocation or Amendment of Detention Order Pending Judicial Proceedings. In support therefor, Defendant would show unto the Court the following:

Undersigned Counsel, Camille M. Knight, agrees that the motion was filed one day past the due date. The motion, however, was filed within seven days of counsel moving to substitute in and included newly discovered evidence obtained from the government's discovery production that was not available to the Defendant or prior counsel before the Order of Detention issued on March 21, 2023. While Counsel erred in calendaring the due date for the motion, counsel respectfully requests that the Court consider the motion timely filed.[1]

In his Motion to Revoke, Defendant referenced a boarding pass evidencing that he did not spend the night in New York City on July 24, 2022. (Motion, p. 5). This boarding pass was

produced in discovery. The Office of the Federal Public Defender received initial discovery production from the government on March 22, 2023 – the day after Judge Johnson's order was entered. The boarding pass and many other items had been seized by the government and as such, the evidence was not available to Mr. Hemani prior to March 22, 2023. Because this evidence is integrally intertwined with the government's arguments that Mr. Hemani is a danger or a flight risk – and the fact that reports produced in discovery show that the government knew of Mr. Hemani's travel issues, as noted in his Motion - Defendant contends that the information comports with the requirements of 18 U.S.C. § 3142(f)(2)(B), allowing for the reopening of a detention hearing based on new information that was not known to the movant at the time of the detention hearing.

WHEREFORE, PREMISES CONSIDERED, Defendant ALI DANIAL HEMANI respectfully requests that the Court consider his Motion to Revoke timely filed and conduct a *de novo* hearing on the Government's Motion for Detention.

Respectfully submitted,

/s/ *Camille M. Knight*
Camille M. Knight
Texas State Bar No. 24027124
900 Jackson Street, Suite 430
Dallas, Texas 75202
214.871.1133
camille@cknightlaw.com

/s/ *Carl David Medders*
BURLESON, PATE & GIBSON, LLP
D. C. Bar No. 494911
900 Jackson Street, Suite 330
Dallas, Texas 75202
214.871.4900
dmedders@bp-g.com

---

[1] Had counsel sought an extension of the due date by one day, she assumes that the Government would not have opposed a motion to extend the deadline, just as counsel did not oppose the government's request for an extension of time to file its response. (Dkt. 37, 38).

**CERTIFICATE OF CONFERENCE**

I hereby certify that I contacted Assistant United States Attorney Heather Rattan to confer regarding the request that the Court consider Defendant's Motion to Revoke timely. I emailed Ms. Rattan on April 25 and again on April 27, 2023. As of this filing, I have not received a response.

/s/ *Camille M. Knight*
Camille M. Knight

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2023, I electronically filed the foregoing document using the Court's CM/ECF system, thereby providing service on attorneys of record.

/s/ *Camille M. Knight*
Camille M. Knight