IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § | CAUSE NO. 4:23CR-18 |
| | | Judge Mazzant |
| ALI DANIAL HEMANI | | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney for the Eastern District of Texas, and files its Supplemental Brief in Response to Defendant **Ali Danial Hemani's** (hereafter "**Hemani**") Motion to Dismiss Indictment, and in support thereof would show the following:

The Court has requested supplemental briefing as to *United States v. Connelly*, ___ F.Supp.3d ___; 2023 WL 2806324 (W.D. Tex. Apr. 6, 2023), in which a district court in the Western District of Texas granted a motion to reconsider its original order denying the defendant's motion to dismiss the indictment based primarily on the Fifth Circuit's decision in *United States v. Rahimi,* 61 F.4th 443 (5th Cir. 2023), which invalidated 18 U.S.C. § 922(g)(8), a different provision than the one at issue in this case--§922(g)(3), possession of a firearm by a person who is an unlawful user of or addicted to any controlled substance.   This Court should not follow *Connelly*, which of course is not

1

binding, but rather join the vast majority of district courts that have upheld § 922(g)(3). To date, 18 decisions have upheld that provision while only two decisions (including *Connelly*) have invalidated it, both of which are on appeal.   The Court should deny **Hemani**'s motion to dismiss the indictment for the reasons explained in the government's original response and as explained below.

### The District Court's Findings in *Connelly* are not consistent with current Fifth Circuit precedent

In *Rahimi*, the Fifth Circuit held that §922(g)(8)'s prohibition of firearm possession by those subject to domestic violence restraining orders is unconstitutional based on *Bruen*.   The Court noted that §922(g)(8) was based on possession of a firearm plus a prior civil adjudication.   *Id*. The Court further emphasized its concern that the prohibition in §922(g)(8) applies "even when the individual has not been criminally convicted or accused of any offense and when the underlying proceeding is merely civil in nature." *Id*, at 17.   That decision never mentioned a violation of 18 U.S.C. §922(g)(3). Unlike those concerns in *Rahimi*, §922(g)(3) requires that a defendant is an unlawful user of an illegal substance and does not seek to deprive an individual of the right to possess a firearm based solely on civil process.   *Id*. at n. 7.   Further, an unlawful and regular user of a controlled substance cannot be termed "law-abiding" or "responsible".   Illegal substance abuse causes both the impairment of the ability to safely handle firearms and a lack of self-control, making it dangerous for drug users to possess them.

The district court in *Connelly* found that *Bruen* and *Rahimi* overruled the Fifth

Circuit's decisions in *United States v. Patterson*, 431 F.3d 832 (5th Cir. 2005) and *United States v. May*, 538 F. App'x 465 (5th Cir. 2013), which held that §922(g)(3) is not inconsistent with the right to bear arms guaranteed by the Second Amendment." *Patterson*, 431 F.3d at 836, *see also, May*, 538 F. App'x at 466. These decisions are best understood not as relying on means-end scrutiny, but instead as concluding that §922(g)(3) is consistent with the historical understanding of the Second Amendment. *Patterson* relied on this Court's precedent regarding the right to keep and bear arms'"as historically understood in this country'" to conclude that the Second Amendment does not prevent Congress from "[p]rohibiting unlawful drug users from possessing firearms." 431 F. 3d at 835-36 (quoting *Emerson,* 270 F.3d at 261). To be sure, *Patterson* quoted a section of *Emerson* that referred to "narrowly tailored" and "reasonable" restrictions on the right to keep and bear arms. *Patterson*, 431 F. 3d at 835 (quoting *Emerson*, 270 F. 3d at 261). But, unlike some of this Court's later decisions, *Patterson* did not explicitly apply means-end scrutiny to §922(g)(3) or indicate that it was upholding the statute on that basis. *Compare id. With National Rifle Ass'n*, 700 F.3d at 207-11. And, although this Court later read *Emerson* to have 'presumably…appl[ied] some form of means-end scrutiny *sub silentio*" in evaluating a different firearm regulation, *United States v. McGinnis*, 956 F. 3d 747,755 (5th Cir. 2020) *Patterson* should not be understood the same way. Instead, *Patterson* is best understood as upholding §922(g)(3) as consistent with the historical tradition of firearm regulation. *See United States C. Black*, -- F.Supp.3d--, 2023 WL 122920, at *3 (W.D. la.2023) ("[B]oth pre- and post-*Heller,* the

3

Fifth Circuit has reaffirmed the constitutionality of §922(g)(3), seemingly with an eye toward history and tradition, as required by the 2022 opinion in *Bruen*.").

Nothing in *Bruen* or *Rahimi* clearly abrogates Fifth Circuit decisions upholding §922(g)(3). A panel of the Fifth Circuit, let alone a district court, cannot overrule another [Fifth Circuit] panel's decision without *en banc* reconsideration or a superseding contrary Supreme Court decision. *United States v. King*, 979 F.3d 1075, 1084 (5th Cir. 2020)(citing *United States v. Lipscomb*, 299 F.3d 303,313 n.34 (5th Cir. 2002)). "Mere ruminations in Supreme Court opinions do not empower a subsequent panel of our court to disregard, much less overrule, the holding of a prior panel." *Lipscomb*, 299 F.3d at 313. *Patterson* and *May* thus continue to bind the lower courts on other §922(g)(3) cases, unless and until the Fifth Circuit holds otherwise.

### Hemani is not a law-abiding, responsible citizen and is not entitled to the protection of the Second Amendment

As discussed in the government's original response to **Hemani**'s Motion to Dismiss Indictment, **Hemani** is not a law-abiding responsible citizen whose Second Amendment right to possess a firearm should be protected. Anyone who violates §922(g)(3) is, by definition, not a law-abiding, responsible citizen who enjoys the Second Amendment's protection under *Heller* and *Bruen*. The statute applies only to a person who "is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." To qualify, a defendant's illegal drug use must be both (1) "with regularity and over an extended period of time"; and (2)

4

close in time to the gun possession. *United States v. McCowan*, 469 F.3d 386, 392 (5th Cir. 2006); *see also* 27 C.F.R. § 478.11 (ATF regulation defining "unlawful user" in § 922(g)(3) as a "current user" of a controlled substance in a manner other than as prescribed by a physician, meaning that "the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct"); *United States v. Patterson*, 431 F.3d 832, 839 (5th Cir. 2005) (explaining that cases addressing the § 922(g)(3) require "contemporaneousness and regularity" (collecting cases)). A current and regular illegal drug user can hardly be termed "law-abiding" or "responsible."

In this case, for example, **Hemani** admitted that the firearms found in his residence along with the cocaine and marijuana belonged to him. He admitted to purchasing and using cocaine and marijuana regularly. Additionally, there is a historical record of **Hemani'**s drug use from the April and October 2021 downloads of his phone indicating that he was using and selling promethazine. All of these facts support the analysis that **Hemani** was not only a current user of controlled substances, but used them with regularity. Compare all this with *Connelly*. Connelly was an unlawful user of marijuana. She "told investigators that she uses marijuana on a regular basis 'to sleep at night and to help her with her anxiety.'" *Connelly,* 2023 WL 2806324, at *1. That Connelly was a user of marijuana only animated much of the district court's decision. *Id*. At *10-15. **Hemani**, in contrast, was an unlawful user of marijuana, promethazine, and cocaine.

Because 922(g)(3) does not violate the Second Amendment *as applied to* **Hemani**, this court should not entertain any facial challenge to the statute, as argued in the

government's original response.

## The decision in Connelly is in the minority of post-Bruen 922(g)(3) cases and has not yet been considered by the Fifth Circuit

To date, twenty cases have considered the issue of whether §922(g)(3) is constitutional following *Bruen*. Only two of those, including *Connelly,* have found §922(g)(3) unconstitutional. The other case is *United States v. Harrison*, 2023 WL 17711238 (W.D. Okla. Feb.3, 2023). Both *Connelly* and *Harrison* have been appealed to their respective Circuits by the government and have yet to be heard. The eighteen cases that have found §922(g)(3) constitutional post-*Bruen* are:

| Case | Court | Date | Type |
|---|---|---|---|
| *United States* v. *Deng*, No. 4:23-cr-41 | S.D. Iowa | 05/18/2023 | Written opinion |
| *United States* v. *Costianes*, No. 1:21-r-458 | D. Md. | 05/18/2023 | Written opinion |
| *United States* v. *Stephenson*, No. 21-74-cr | 2d Cir. | 05/12/2023 | Summary order |
| *United States* v. *Le*, No. 23-cr-14 | S.D. Iowa | 04/11/2023 | Written order |
| *United States* v. *Wilson*, No. 22-cr-69 | S.D. Iowa | 04/06/2023 | Written order |
| *United States* v. *Tucker*, No. 22-cr-164 | S.D. Iowa | 04/03/2023 | Written order |
| *United States* v. *Stennerson*, No. 1:22-cr-139 | D. Mont | 02/24/2023 | Written opinion (2023 WL 2214351) |
| *United States* v. *Randall*, No. 4:22-cr-99 | S.D. Iowa | 02/14/2023 | Written opinion |
| *United States* v. *Posey*, No. 2:22-cr-83 | N.D. Ind. | 02/09/2023 | Written opinion (2023 WL 1869095) |
| *United States* v. *Lewis*, No. 5:22-cr-368 | W.D. Okla. | 01/13/2023 | Written opinion (2023 WL 187582) |
| *United States* v. *Kelley*, No. 5:22-cr- | W.D. | 01/13/2023 | Written opinion |

| | | | |
|---|---|---|---|
| | 395 | Okla. | |
| *United States* v. *Black*, No. 5:22-cr-133 | W.D. La. | 01/06/2023 | Written opinion (2023 WL 122920) |
| *United States* v. *Beverly*, No. 2:21-cr-36 | N.D. W.Va. | 01/03/2023 | Written opinion |
| *United States* v. *Sanchez*, No. 6:21-cr-213 | W.D. Tex. | 12/19/2022 | Written opinion (2022 WL 17815116) |
| *Fried* v. *Garland*, No. 4:22-cv-164 | N.D. Fla. | 11/04/2022 | Written opinion (2022 WL 16731233) |
| *United States* v. *Seiwert*, No. 1:20-cr-443 | N.D. Ill. | 09/28/2022 | Written opinion (2022 WL 4534605) |
| *United States* v. *Veasley*, No. 4:20-cr-209 | S.D. Iowa | 09/22/2022 | Order |
| *United States* v. *Daniels*, No. 1:22-cr-58 | S.D. Miss. | | (2022 WL 2654232 1 |

*Connelly* thus stands in the vast minority of district court cases that have found §922(g)(3) unconstitutional. And it's not binding on this Court. Additionally, the facts of this case make it clear that **Hemani** is not a law-abiding, responsible citizen and is therefore not protected by the Second Amendment. Finally, the Fifth Circuit has not overruled the findings in *Patterson* and *May* as to violations of §922(g)(3) based on *Bruen*, so unless and until that happens, those cases are still controlling.

Therefore, the Court should deny **Hemani's** motion to dismiss the indictment because

---

1 The defendant in *Daniels* has appealed; the appeal has been fully briefed, and the Fifth Circuit will hear oral argument on June 5, 2023. *See generally* Appeal No. 22-60596.

the Defendant cannot legally attack the statute facially, because the statute is not facially invalid regardless, because the statute is not unconstitutional as applied to the facts and circumstances of his case, and because his other constitutional arguments are made without and contrary to precedent.

## CONCLUSION

WHEREFORE, premises considered, **Hemani**'s Motion to Dismiss Indictment should be denied.

Respectfully submitted,

DAMIEN M. DIGGS
United States Attorney

/s/ Maureen Smith

MAUREEN SMITH
Assistant United States Attorney
600 E. Taylor St., Ste. 2000
Sherman, Texas    75090
Telephone: 903/868-9454
Facsimile: 903/892-2792

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was delivered to the attorney for defendant, via CM/ECF electronic filing as of this the 5th day of June, 2023.

/s/ Maureen Smith
_____
MAUREEN SMITH