IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:23-CR-18 |
| | § | Judge Mazzant |
| ALI DANIAL HEMANI | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL BRIEF IN SUPPORT OF
<u>REOPENING THE DETENTION HEARING</u>**

The United States files this Response to Ali Danial Hemani's Supplemental Brief in Support of Reopening the Hearing filed under seal on or about June 23, 2023. After two hearings, this Court issued a lengthy order detaining Hemani. Dkt. 15, 26, 31. Hemani now argues he has new information that has a material bearing on the issue of detention. Hemani's information is neither new nor material. This Court's twenty-page Order of Detention should stand. Dkt. 31.

**Reconsideration of Pretrial Detention: The Legal Standard**

After the initial detention decision is made, a court "may" reopen the hearing if it finds "information exists [1] that was not known to the movant at the time of the hearing *and* [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2) (Emphasis added). The first question is whether the motion to reopen is based on information that was not known or available to the defendant at the time of the hearing. *See United States v. Hare*, 873

Government's Response to Defendant's
Supplemental Brief in Support of Reopening the Detention Hearing
Page 1

F.2d 796, 799 (5th Cir. 1989). After it is determined that the information is new and not known or available at the time, the next question is whether that information is "sufficiently material" to the decision to detain the defendant. *See id.*

Section 3142(f)(2) requires new information to have a "material bearing." 18 U.S.C. § 3142(f)(2). Information that is merely relevant to the statutory grounds for detention is insufficient. *United States v. Worrell*, No. 1:21-CR-00292, 2021 WL 2366934, at *8-9 (D.D.C. June 9, 2021) (analyzing statutory language and concluding the that the word "material" must be given meaning). The new information must be capable of "significantly affecting" the detention decision. *Id.* at *9. "[R]econsideration is permissible under this section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). As Hemani notes in his briefing, "'[n]ew and material information… must consist of truly changed circumstances, something unexpected, or a significant event.' *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (quoting *United States v. Esposito*, 354 F. Supp. 3d 354, 359 (S.D.N.Y. 2019))." Hemani Sealed Supplemental Brief, p. 2.

**Hemani's "New" and "Material" Information**

Hemani identifies four items as "new" and "material" to attempt to meet the two-pronged test to reopen detention:

Government's Response to Defendant's
Supplemental Brief in Support of Reopening the Detention Hearing
Page  2

(1) Hemani explains he traveled separately from his family in July 2022 because he was required to remain in Iran after his family left to comply with Qatar's vaccination regulations. *Id.* at 3-4.

(2) Hemani now tries to explain why he booked two reservations to fly from New York City to Dallas on the same day (July 25, 2022) on two different airlines at two different airports (Delta Airlines at New York's LaGuardia and American Airlines at New York's JFK). *Id.* at 4.

(3) Hemani now explains that he and his family traveled on July 28, 2022 from the North Texas area to Houston and left earlier than the time frame presented by the government at the detention hearing. *Id.* at 4-5.

(4) Hemani finally argues his family did not travel to Iran for the funeral of Quasem Soleimani- they had booked the travel before his death. *Id.* at 5-6.

Hemani's four arguments are neither new nor material. This Court provided Hemani two detention hearings- one on February 16, 2023 and a second one three weeks later on March 9, 2023. Dkt. 15, 26. Hemani would have known all four items at the time of the original detention hearing on February 16, 2023. And he certainly had a feel for the government's arguments and had time in the three week interval to formulate the arguments he's now making. Hemani's arguments are not new and material.

**Hemani's Information is Not New**

Each of Hemani's four arguments is something he and his family would have known at the time of the two detention hearings on February 16th and March 9th. Hemani argues his "ability to present evidence or collect all the required documents was… constrained" because his parents were "effectively unavailable as witnesses by virtue of the Government accusations against them" and he did not have discovery. Hemani Sealed Supplemental Brief, p. 6. Hemani could have presented the arguments he raises now

Government's Response to Defendant's
Supplemental Brief in Support of Reopening the Detention Hearing
Page  3

through any witness- he did not have to rely on his parents. At Hemani's second detention hearing on March 9, 2023, the courtroom was full of supporters. Anyone could have testified. The rules governing the admissibility of evidence in criminal trials do not apply to detention hearings. 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); Fed. R. Evid. 1101(d)(3) (the Rules of Evidence do not apply in proceedings "considering whether to release on bail or otherwise"). Hemani and his family knew these things and made no attempt to present them to the Court.

As Hemani notes in his briefing, "'[n]ew and material information… must consist of truly changed circumstances, something unexpected, or a significant event.' *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (quoting *United States v. Esposito*, 354 F. Supp. 3d 354, 359 (S.D.N.Y. 2019))." Hemani Sealed Supplemental Brief, p. 2.

Hemani's information is not new.

**Hemani's Information is Not Material**

Not only is Hemani's information not new, it does not have a material bearing on the outcome. New information must have a "material bearing." 18 U.S.C. § 3142(f)(2). The new information must be capable of "significantly affecting" the detention decision. *Worrell* at *9. This Court entered a twenty-page order explaining the reasoning behind Hemani's detention. Dkt. 31. This Court painstakingly reviewed the law, applied the evidence, and ruled Hemani should be detained. Included among the Court's findings are:

Government's Response to Defendant's
Supplemental Brief in Support of Reopening the Detention Hearing
Page  4

- "[D]uring a review of [Hemani's] cellphone during a 2019 border crossing following [Hemani's] return trip from Iran, law enforcement discovered [Hemani] communicating with individuals believed to be associated with the IRGC . These individuals appeared to be directing [Hemani] to commit fraud to interfere with the United States' financial systems." Dkt. 31 at 16.

- "[Hemani's mother] stated in an interview with Iranian mews media in February 2020 that she had traveled to Soleimani's shrine and that she prays her sons will also become martyrs like Soleimani." *Id.* at 17.

- "During a review of [Hemani's] phone during a July 2022 border search following [Hemani's] return trip from Iran, law enforcement agents found [Hemani] deleted all messaging applications and wiped communication data from his cellphone." *Id.*

- "When [Hemani] arrived at DFW, his father and brother were waiting for him in the unsecured area. However, neither [Hemani] nor his father or brother made contact while in DFW. [Hemani] waited for and retrieved his luggage and walked out of the airport towards the parking garage. Approximately five to ten minutes later, [Hemani's] father and brother also left the airport and ultimately joined [Hemani] in the parking garage… acting as lookouts to see if [Hemani] was being followed." *Id.* at 18.

- Hemani failed "to inform Pretrial Services of his trip to Iran in February 2020, a month following the death of Soleimani." *Id.*

- Hemani failed "to inform Pretrial Services of being a dual citizen with Pakistan." *Id.*

- Hemani admitted "that he would not inform law enforcement of an imminent attack against the United States." *Id.*

- Hemani "has family in Pakistan and [Hemani's] brother, Mohammed Hemani, and his aunt and uncle presently live in Iran and could support [Hemani] if he were to flee." *Id.* at 20.

- "[T]he United States and Iran do not maintain diplomatic relations and, thus, if [Hemani] were to flee it would be impossible to extradite [Hemani] to the United States." *Id.*

Government's Response to Defendant's
Supplemental Brief in Support of Reopening the Detention Hearing
Page  5

Considering this Court's many findings supporting Hemani's detention, it is difficult to conclude that Hemani's arguments would have a "material bearing" and "significantly" affect the detention decision.

**Other Factors Relating to Detention: Third Party Custodian**

Hemani has not proposed an appropriate third-party custodian. The custodian he proposed (Ali Nouri) raised concerns. When Hemani's phone was reviewed, he had a contact card for proposed custodian Nouri in his phone. On Hemani's contact card for Nuri, Hemani had a picture of Quasem Soleimani and Abu Mahdi al-Muhandis who was the Iraqui Deputy PMF leader who was killed with Soleimani. Nouri has traveled numerous times to Iran. His most recent travel is to Iran on 6/14/21, returning 9/11/21 and to Iran on 10/28/21, returning 12/8/21.

## CONCLUSION

Hemani has not presented new, material information. His detention should not be reopened. He should, as this Court has ruled, be detained.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

/s/
HEATHER RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
101 E. Park Blvd., Suite 500
Plano, Texas 75074
972/509-1201
heather.rattan@usdoj.gov

Government's Response to Defendant's
Supplemental Brief in Support of Reopening the Detention Hearing
Page 6

## CERTIFICATE OF SERVICE

      This is to certify that on June 28, 2023, this document was filed with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to counsel for the defendant via electronic mail.

                                              /s/  
                                      HEATHER RATTAN

Government's Response to Defendant's  
Supplemental Brief in Support of Reopening the Detention Hearing  
Page  7