IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:23-CR-18 |
| | § | Judge Mazzant |
| ALI DANIAL HEMANI | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR IMMEDIATE RELEASE**

Drugs, firearms, and martyrdom are a dangerous combination. The United States files this Response to Ali Danial Hemani's Motion for Immediate Release. Dkt. 59. After two hearings, United States Magistrate Judge Kimberly Priest Johnson issued a lengthy order detaining Hemani. Dkt. 15, 26, 31. Hemani filed a Motion to Dismiss the Indictment and United States Magistrate Judge Johnson issued a Report and Recommendation recommending that the Court dismiss the Indictment. Dkt. 55. The United States filed objections to Judge Johnson's Report and Recommendation. Dkt. 69.

18 U.S.C. § 3731 authorizes interlocutory government appeal of court orders "dismissing an indictment" and "granting the release of a person charged with… an offense." *Id.* In this case, it is too soon to know if the District Court will adopt the report and recommendation. Even if the District Court did order the dismissal of the indictment and granting of release, the government may, at that point, choose to appeal because this is a unique criminal firearm case. The United States urges this Court to continue Hemani's detention.

Unlike most defendants indicted on firearm charges, this defendant not only abuses drugs and possesses a firearm, he also has strong links and frequent travel to countries that do not have diplomatic relations with the United States [The Islamic Republic of Iran (Iran) and the Republic of Iraq (Iraq)]; is a dual citizen in the Islamic Republic of Pakistan (Pakistan) and the United States; has family members living in Iran and Pakistan and his mother (with whom he lives) wishes her son to be a martyr. As shown at the detention hearings and argued below, Hemani is a serious flight risk and may obstruct justice. Further, a holistic analysis of the 3142(g) factors, coupled with the evidence presented at the detention hearings, shows by a preponderance of evidence that Hemani is a flight risk and a danger to the community.

**Law Governing Detention: 18 U.S.C. § 3142(f)(1) and (f)(2)**

The Bail Reform Act, 18 U.S.C. § 3142, governs the detention of defendants. The government may move for detention under § 3142(f)(1) or § 3142(f)(2).

**Under (f)(1),** the government may seek detention in cases where the defendant has been charged with certain crimes, including: 1) a crime of violence which carries a maximum term of ten years or more; 2) an offense which carries a maximum sentence of life imprisonment or death; 3) serious drug offenses; 4) felonies committed by certain repeat offenders; and 5) *felonies that are not otherwise crimes of violence that involve* a minor victim or *the possession* or use *of a firearm,* destructive device, or any other dangerous weapon 18 U.S.C. § 3142(f)(1).

**Under (f)(2),** the government may seek detention in a case that involves either "*A)*

*serious risk that [the defendant] will flee; or B) a serious risk that [the defendant] will obstruct or attempt to obstruct justice…."* 18 U.S.C. § 3142(f)(2). Although a motion under these grounds does not expressly address "danger to the community," evidence pertaining to the safety of the community is still relevant given that the Court may still order detention if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and *the safety of any other person and the community*."   18 U.S.C. § 3142(e)(1) (emphasis added).

A judicial officer may order a defendant detained pending trial upon a finding that the government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person. *United States v. McConnell*, 842 F.2d 105 (5th Cir. 1988); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). However, the government's burden of proof changes to clear and convincing in a case where the government argues the defendant should be detained because he or she is a danger to the community. 18 U.S.C. §3142(f)(2)(B).

The following factors guide the Court's analysis regarding flight risk and community danger: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g).

Here, the government's makes its motion for detention under (f)(1) and (f)(2). The motion is made under (f)(1) because the offense involves the possession of a firearm and under (f)(2) because the defendant is a serious flight risk and a risk for obstruction. Further, there is concerning evidence that the defendant presents a danger to the community.

## FLIGHT

*International Contacts.* First, Hemani has significant international contacts. He and his family have strong links and frequent travel to countries that do not have diplomatic relations with the United States [The Islamic Republic of Iran (Iran) and the Republic of Iraq (Iraq)]. The defendant has family members (aunt and uncle) who live in Iran and Pakistan. The defendant's brother Mohammad Hemani resides in Qum, Iran and the defendant reports weekly contact with him. Dkt. 13 at 2. Hemani's brother has been in Iran since 2018 or 2019 and attended a university designated as having ties to terrorism. Dkt. 22 at 8-9. Further, the defendant is a dual citizen in the Islamic Republic of Pakistan (Pakistan) and the United States. If the defendant were to flee to Iran or Iraq, he could not be extradited.

At the second detention hearing, Hemani proposed Ali Sheikholeslam Nouri (Ali Nouri) as a third-party custodian. Dkt. 26. Nouri also has international contacts and travel. Nouri has traveled numerous times to Iran. His most recent travel is:

- Iran on 6/14/21, returned 9/11/21;
- Iran on 10/28/21, returned 12/8/21;
- Other dates go back to around 2003.

Deborah Arlen Sheikholeslam Nouri traveled to Japan 12/11/19 through 1/8/20.

**Means to Flee**. Second, the defendant has the means to flee. He is well financed by the job he reports to U.S. Probation as documented in the Pretrial Services Report. He reports he earns $5,000 a month.

## OBSTRUCTION

Hemani's *lies* to the United States Probation Office are a form of obstruction of justice that the Court should consider, either to bolster a finding under § 3142(f)(2)(B) or under the § 3142(g) factors. As elicited during the hearing, the defendant lied to the interviewing probation officer:

| Lie to the United States Probation Officer | Truth |
|---|---|
| **Admits international travel but fails to mention he went to Iran in February 2020 soon after Qasem Soleimani's death in a U.S. drone strike on January 3, 2020.** Dkt. 13 at 3. | Hemani traveled to Iran in February 2020, during the time the country of Iran was mourning the death of Qasem Soleimani posthumously promoted to general and was praised as a martyr.<br>"Qasem Soleimani." Wikipedia, Wikimedia Foundation, 2021. |
| **Admits to use of alcohol and cocaine, but fails to disclose abuse of promethazine and marijuana.** Dkt. 13 at 4. | Hemani's phone was seized and reviewed. Conversations show he abuses promethazine. Hemani texted that he had 5 bottles of promethazine from different suppliers and offered to sell a bottle for $120. He said he started "sipping" and said this "sh*** too addicting" and "idk if I want to stop" Additionally, marijuana was found at Hemani's house during the search warrant and he said he used it every other day. |

| | |
|---|---|
| **Fails to mention that he is a dual citizen of the U.S. and the Republic of Pakistan** | Hemani is a citizen of the Republic of Pakistan. |

Additionally concerning as it relates to obstructive behavior is Hemani's "trade craft practices". Dkt. 22 at 22. As FBI Task Force Officer Hollingshead described at Hemani's detention hearing:

> [I]nvestigators have noted [there] appears to be avoiding or attempting to avoid detection or suspicion. There was communication between Ali Hemani and family members with instructions from Ali stating that he was going to use his relatives to check his bags, so that way he didn't have to loiter in the bags claim area and would be looked at less intent[ly]….
> *Id.*

Another incident was described by TFO Hollingshead:

> This is at a time where Ali's brother, Mohammad, and Mohammad's wife and children were at the house there in Levisville with the entire Hemani family. And one night, approximately 10:00 or 10:30, the entire family, kids and all, loaded up, packed into a vehicle, and they drive straight from the residence in Lewisville to Houston at high rates of speed, driving crazy, for lack of a better term.
> They arrived in Houston, drive [sic] around for a couple of hours, drop Ali off, and then the entire family drives immediately straight back to Lewisville. Along the way, they are making evasive maneuvers, exiting, turning around, tactics that we commonly see as surveillance detection techniques, trying to see if they're followed.
> The very next day, Ali Hemani takes a bus back from Houston to the residence in Lewisville. *Id.* at 23.

## THE SECTION 3142(G) FACTORS
## SHOW FLIGHT RISK AND DANGER TO THE COMMUNITY

**The Nature and Circumstances of the Crime**

The nature and circumstances of this crime deviate from the vast majority of firearm cases. This defendant lives in the Eastern District of Texas with his parents. It is in their shared home that the defendant possessed a firearm on August 3, 2022. On July 12, 2021, the defendant's mother shared the following post on Facebook:

> I wish Muslims would *sacrifice their own sons* like Ismail while following the Sunnah of Ibrahimi, then Allah would have given them the blessing of leadership of religion and the world and the emergence of Imam of the Mostazafin. (emphasis added).

The defendant's family has connections to a cause that supports violent attacks on the United States government and, clearly, his mother wishes for him to be a martyr, a sacrifice for the cause. This cause has hundreds of supporters in areas where the defendant frequently travels. Solidarity with this group requires secrecy, demands loyalty, and uses violence.

While the defendant's mother supports martyrdom for her son in support of a cause advocating violence against the United States government, the defendant abuses controlled substances and possesses a firearm. This presents a dangerous combination.

**Weight of the Evidence**

The evidence illustrating the defendant's criminal conduct in this case conclusive and clear. Law enforcement has collected the following evidence against the defendant:

- October 1, 2021: a download of the defendant's phone revealed he abuses controlled substances;

- August 3, 2022: a search of the defendant's house revealed he possessed cocaine, marijuana and multiple firearms. A Glock handgun registered to the defendant was located in his bedroom in the house he shares with his parents;

- The defendant confessed to law enforcement that he purchased the 47 grams of cocaine found in his mother's room three to four months ago. He further admitted that he purchased cocaine one to two times a year. He said he smoked marijuana every other day and kept a quarter ounce of marijuana in his car or hidden at home. He confessed that he purchased large quantities of drugs which he would split with his friends.

**The Defendant's History and Characteristics:**

The defendant's history and characteristics favor detention.

**International Contacts.** First, the defendant has significant international contacts. He and his family have strong links and frequent travel to countries that do not have diplomatic relations with the United States [The Islamic Republic of Iran (Iran) and the Republic of Iraq (Iraq)]. The defendant has family members who live in Iran and Pakistan. The defendant's brother Mohammad Hemani resides in Qum, Iran and the defendant reports weekly contact with him. Further, the defendant is a dual citizen in the Islamic Republic of Pakistan (Pakistan) and the United States. If the defendant were to flee to Iran or Iraq, he could not be extradited.

As noted above, Hemani proposed Ali Sheikholeslam Nouri (Ali Nouri) as a third-party custodian. Nouri also has international contacts and travel. Nouri has traveled numerous times to Iran.

**Means to Flee**. Second, the defendant has the means to flee. He is well financed by the job he reports to U.S. Probation as documented in the Pretrial Services Report. He reports he earns $5,000 a month.

**No Criminal History**. Third, while the defense may argue otherwise, the defendant's sparse criminal history makes him a perfect fit for the criminal activity that his mother advocates in her shared Facebook post. Indeed, the ideology his mother publicly supports needs individuals who can fit into the community and go unnoticed by law enforcement.

**Drug abuse and lies to the Court**. Fourth, the defendant admitted to law enforcement that he used cocaine and marijuana (he said he smokes every other day). Further, the download of his phone had a conversation where he talked about abusing promethazine. The defendant said he purchased five bottles and said "shits too addicting" and "idk if I want to stop." While his drug abuse is concerning enough when the Court is considering bond, it is also significant that the defendant did not tell the U.S. Probation Officer of his every other day use of marijuana or his use of promethazine. He said he last used alcohol and cocaine one year ago.

His history and characteristics are concerning and weigh in favor of detention.

**Nature and Seriousness of the Ongoing Danger**

Given the expansive network of the organization(s) the defendant's mother supports, the international reach of the defendant's family and the defendant's abuse of drugs and possession of firearms, releasing the defendant from custody is very concerning.

Again, the defendant's mother, with whom he lives in Lewisville, Texas, has publicly stated she wishes her sons to be martyrs and has made public, recorded statements while standing before a large depiction of Qasem Soleimani.[1]

**Hemani's Proposed Third Party Custodian.**

After the first detention hearing on February 16, 2023, Judge Johnson provided Hemani an opportunity to propose third party custodians at a second hearing on March 9, 2023. Dkt. 15, 26. Hemani proposed Ali Sheikholeslam Nouri (Ali Nouri) and Deborah Arlen Sheikholeslam as third-party custodians. Law enforcement seized and reviewed Hemani's phone. In Hemani's phone, he had a contact card for Ali Nouri. ***On Hemani's contact card for Nuri, Hemani had a picture of Quasem Soleimani*** and abu Mahdi al-Muhandis who was the Iraqui Deputy PMF leader who was killed with Soleimani.

## CONCLUSION

Hemani should remain detained.

---

[1] Qasem Soleimani was an Iranian military officer who served in the Islamic Revolutionary Guard Corps until he was killed in a U.S. drone strike near Baghdad International Airport on January 3, 2020. From 1998 until his death on January 3, 2020, he was the commander of the Quds force, a division primarily responsible for extraterritorial and clandestine military operations. He was considered to be the second-most powerful person in Iran. He has been praised as a martyr by the speaker of the Iranian parliament and others. After his death, his successor swore revenge and said: "God the Almighty has promised to get his revenge, and God is the main avenger." His funderal was said to be the second largest after that of Ayatolla Khomeini. (emphasis added) "Quasem Soleimani." Wikipedia, the Free Encyclopedia, Wikimedia foundation, January 28, 2023, en.m.wikipedia.org.

Respectfully submitted,

DAMIEN DIGGS
UNITED STATES ATTORNEY

/s/
HEATHER RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
101 E. Park Blvd., Suite 500
Plano, Texas 75074
972/509-1201
heather.rattan@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on August 18, 2023, this document was filed with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to counsel for the defendants via electronic mail.

 /s/
HEATHER RATTAN